UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

RICHARD A. AYALA and
JUDIE A. AYALA,

    Debtors.

No. 7-13-13033 TA

CHARLES B. DUFF and
JAMES B. CARVER,

    Plaintiffs,

v.

Adv. No. 13-1105 T

RICHARD A. AYALA and
JUDIE A. AYALA,

    Defendants.

## MEMORANDUM OPINION

Plaintiffs brought this adversary proceeding to except from discharge Defendants' debt to them arising from damage to Plaintiffs' property. The matter before the Court is Plaintiffs' motion for summary judgment,[1] based on a state court judgment entered against Defendants. For the reasons set forth below, the Court will deny the Motion.

### I.     UNDISPUTED FACTS[2]

Defendants own real property in San Juan County, New Mexico, described as Lots 24 and 25 of the San Juan River Estates No. 2 (the "Defendants' Property"). The Defendants' Property is near the San Juan river.

---

[1] Motion for Summary Judgment, filed April 21, 2014, doc. 12 (the "Motion").
[2] Except to the extent of issue preclusion, discussed below, the findings set forth in this opinion relate to summary judgment only, and are not intended to establish facts in the case. Fed. R. Civ. Pro. 56(g).

Plaintiffs purchased about .37 acres between Defendants' Property and the San Juan River (the "Riverfront Property"). The Defendants' Property never touches the river; the Riverfront Property is always between the two.

Defendants built a fishing lodge on the Defendants' Property in 2008. In the summer of 2008 Defendant began building a boat ramp on the Riverfront Property, and began removing the native vegetation. None of this work was authorized by Plaintiffs or their predecessors in title.

Plaintiff took title to the Riverfront Property on August 22, 2008. By then Plaintiff had completed most of the unauthorized work on the Riverfront Property.

On August 23, 2008, Plaintiffs visited the Riverfront Property and saw Defendants working on it, including scraping the native vegetation with heavy equipment. Plaintiffs asked Defendants to stop the work but Defendants refused.

Plaintiffs sued Defendants in New Mexico's Eleventh Judicial District Court, commencing *Charles D. Duff and James B. Carver v. Dennis M. Ayala, et. al.,* no. D-1116-CV-2009-01510-4 (the "State Court Action"). The case was assigned to Judge John Dean, Jr.

On April 15, 2013, after a trial on the merits, Judge Dean entered a Judgment for Liability Damages Against Defendants Dennis M. Ayala, Michael L. Ayala, Richard A. Ayala, and Judie A. Ayala, (the "Judgment"), and Findings of Fact and Conclusions of Law (the "Findings") in the State Court Action.

Judge Dean found that the Defendants were guilty of a criminal trespass under § 30-14-1 NMSA 1978, and that they damaged the Riverfront Property by scraping and removing the natural vegetation and building a boat ramp.

Judge Dean found that the total damages Defendants caused to the Riverfront Property was $97,838.17. Judge Dean further found that the portion of such amount owed to Plaintiffs,

based on the date they became owners of the Riverfront Property, was $7,625, or about 7.8% of the total damages.

Pursuant to § 30-14-1 NMSA 1978, Judge Dean doubled the actual damages, so Plaintiffs' final judgment against Defendants in the State Court Action was $15,250, plus pre- and post-judgment interest and court costs.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 56 Fed.R.Civ.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997). To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. See *Anderson*, 477 U.S. at 251; *Vitkus*, 11 F.3d at 1539.

In this case the Defendants' response to the Motion was very weak. Defendants did not specifically address any of Plaintiffs' 12 alleged undisputed facts, as required by F.R.C.P. 56(e)

and Local Rule 7056-1(c). The only alleged fact Defendants' provided was a declaration of Mr. Richard Ayala that Defendants did not maliciously and intentionally injure plaintiffs' property.[3]

Nonetheless, the Court must determine if judgment is appropriate. *See, e.g., U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Avenue, Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (court cannot base summary judgment on mere fact that the motion is unopposed, but must consider the merits of the motion); *D.H. Blair & Co. Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (citing and following *5800 SW 74th Street*). In making this determination, the Court must review the evidence submitted in support of the Motion and determine if Plaintiffs have met their burden of proof. *D.H. Blair,* 462 F.3d at 110; *John v. State of La. (Bd. of Trustees for State Coll. and Univ.),* 757 F.2d 698, 708 (5th Cir. 1985).

### III. 523(a)(6); WILLFUL AND MALICIOUS INJURY TO PROPERTY

Plaintiffs' claim is brought under § 523(a)(6), which provides:

> A discharge . . . does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

This section requires proof that there be: (i) an injury to person or property; (ii) by the debtor; (iii) that was willful; and (iv) that was malicious. Section 523(a)(6); *Fletcher v. Deerman (In re Deerman),* 482 B.R. 344, 369 (Bankr. D.N.M. 2012). *Penix v. Parra (In re Parra)*, 483 B.R. 752 (Bankr. D.N.M. 2012), discussed the "willful" and "malicious" requirements:

> [N]on-dischargeability under [§ 523(a)(6)] requires that the debtor's actions be both willful and malicious. The 'willful' element requires both an intentional act and an intended harm; an intentional act that leads to harm is not sufficient . . . Whether the debtor had the requisite intent to harm is evaluated under a subjective

---

[3] Mr. Ayala cannot testify about his wife's state of mind because he cannot know his wife's intent. Even if Ms. Ayala had told Mr. Ayala of her intent, it would have been inadmissible hearsay.

-4-

standard that focuses on the debtor's state of mind . . . [B]ecause the Tenth Circuit directs that willful and malicious are separate, distinct requirements, 'malicious' must be defined so that it is distinguishable from 'willful.' This Court concludes that the 'malicious' component of 11 U.S.C. § 523(a)(6) requires an intentional, wrongful act, done without justification or excuse.

*Id.* at 771-73 (citations omitted). The holding in *Parra* synthesizes the Tenth Circuit's ruling in *Panalis v. Moore (In re Moore)*, 357 F.3d 1125 (10th Cir. 2004),[4] with the Supreme Court's holding in *Kawaauhau v. Geiger*, 523 U.S. 57 (1998).[5] The Court adopts *Parra's* reasoning and holds that, in order to be nondischargeable under § 523(a)(6), the debt must, inter alia, be the result of an intentional act and intended harm (willful), and also the result of an intentional, wrongful act, done without justification or excuse (malicious).

## IV. ISSUE PRECLUSION

Under the Full Faith and Credit Act, 28 U.S.C. § 1738,[6] this Court must "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered." *Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988). *See also Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997) citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (federal courts give the same preclusive effect to state court judgments as those judgments are given by the state court). The Court will apply New Mexico law.

---

[4] "Without proof of *both* [willful and malicious] an objection to discharge under [§ 523(a)(6)] must fail." *Id.* at 1129 (emphasis in original).

[5] "The word 'willful' in (a)(6) modifies the word 'injury' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." 523 U.S. at 61.

[6] "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

-5-

In New Mexico both issue preclusion and claim preclusion are accepted.[7] *See Myers v. Olson*, 676 P.2d 822, 824 (N.M. 1984) (applying claim preclusion), and *Ideal v. Burlington Res. Oil & Gas Co. LP*, 233 P.3d 362, 365 (N.M. 2010) (applying issue preclusion).

Claim preclusion is not applicable because the claim litigated in the State Court Action is not the same as the § 523(a)(6) proceeding now before the Court. Further, in general claim preclusion "does not preclude the subsequent litigation of a nondischargeability action in bankruptcy court because issues of non-dischargeability fall within the exclusive jurisdiction of the bankruptcy court." *Hanover Packard Grp. v. Blackwell (In re Blackwell)*, 2010 WL 3037583, at *4 (Bankr. D.N.M. 2010). The *Blackwell* court relied on the Supreme Court's decision in *Brown v. Felson*, 442 U.S. 127 (1979), which held, under the Bankruptcy Act, that only a bankruptcy court could expressly rule on the dischargeability of a debt.

Plaintiffs invoke issue preclusion, arguing that the issues determined in the State Court Action are binding and require judgment in their favor. Issue preclusion bars relitigation "of ultimate facts or issues actually and necessarily decided in a prior suit." *Adams v. United Steelworkers of Am., AFL-CIO*, 640 P.2d 475, 479 (N.M. 1982). In New Mexico, to apply issue preclusion the party seeking its application must meet four elements:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

---

[7] There is some confusion as to the terminology. "The preclusive effects of former adjudication are discussed in varying and, at times, seemingly conflicting terminology." *Clark v. Zwanziger (In re Zwanziger),* 467 B.R. 475, 480, n. 8 (10th Cir. BAP 2012) rev'd 741 F.3d 74 (10th Cir. 2014) quoting *Migra v. Warren City Sch. Dist. Bd of Educ.,* 465 U.S. 75, 77 (1984). "At times, the term 'res judicata' is used to encompass both claim and issue preclusion. In other instances, 'res judicata' is used more narrowly as referring only to claim preclusion." *Id*. New Mexico courts seem to equate "res judicata" and "claim preclusion." *See Blea v. Sandoval,* 761 P.2d 432, 435 (N.M. Ct. App. 1988). To avoid confusion, the Court will use the terms "claim preclusion" and "issue preclusion."

*Shovelin v. Cent. N.M. Elec. Co-op., Inc.*, 850 P.2d 996, 1000 (N.M. 1993).

The Court finds that the four elements are satisfied in this case, and that the Judgment and Findings are entitled to issue preclusive effect

## V. ANALYSIS

The question in this case is whether the issues determined in the State Court Action are sufficient to grant summary judgment in Plaintiffs' favor in this adversary proceeding. The elements of a § 523(a)(6) claim are set forth above. The elements will be compared to the findings in the State Court Action.

The Debtors were found liable for criminal trespass under § 30-14-1 NMSA 1978, a state statute that provides in part:

> Criminal trespass consists of knowingly entering or remaining upon posted private property without possessing written permission from the owner or person in control of the land.
>
> . . . .
>
> Any person who enters upon the lands of another without prior permission and injures, damages or destroys any part of the realty or its improvements, including buildings, structures, trees, shrubs or other natural features, is guilty of a misdemeanor, and he shall be liable to the owner, lessee or person in lawful possession for civil damages in an amount equal to double the value of the damage to the property injured or destroyed.

The New Mexico Supreme Court has also published uniform jury instructions for criminal trespass actions. New Mexico's Uniform Jury Instruction 14-1402 provides:

> For you to find the defendant guilty of criminal trespass [as charged in Count _____], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
> 1. The defendant entered or remained _____ (identify lands or structure entered) without permission from the [owner] [occupant] [custodian] of that property; [the least intrusion constitutes an entry;]
> 2. The defendant knew or should have known that permission to enter or remain had been [denied] [withdrawn];

-7-

3. This happened in New Mexico on or about the ___ day of _____, _____.

Additionally, in order to be guilty of criminal trespass an offender must have "general criminal intent." *State v. McCormack*, 682 P.2d 742, 745 (N.M. Ct. App. 1984). New Mexico Uniform Jury Instruction 14-141 provides the New Mexico Supreme Court's view on general criminal intent:

> In addition to the other elements of _____ (identify crime or crimes), the state must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime [, even though he may not know that his act is unlawful]. Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, [and] his conduct [and any statements made by him].

The following table compares the elements of a § 523(a)(6) proceeding with the issues determined in the State Court Action:

| Element of Plaintiffs' § 523(a)(6) claim | Relevant State Court Findings | Comment |
|---|---|---|
| 1. Injury to property | Defendants damaged Plaintiffs' property | This element has been established and is entitled to preclusive effect. |
| 2. Injury by the debtor | Defendants caused the damage | This element has been established and is entitled to preclusive effect. |
| 3. The injury was willful | Defendants knowingly trespassed; Defendants did not stop work on 8/23/08 when Plaintiffs approached them and asked them to stop damaging their property | This element was not established in the State Court Action; not clear why Defendants refused to stop work; not clear that Defendants believed they were damaging Plaintiffs' property |
| 4. The injury was malicious | Defendants knowingly trespassed; Defendants did not stop work on 8/23/08 when Plaintiffs approached them and asked them to stop damaging their property | This elements was not established in the State Court Action; not clear why Defendants refused to stop work; not clear that Defendants believed they were damaging Plaintiffs' property |

The state court made no findings about whether Defendants intended to harm Plaintiffs, only that they intended to trespass, did in fact damage Plaintiffs' land, and did not stop work when asked to do so. These findings fail to meet all the elements required to prove a willful and malicious injury. Notwithstanding the lack of a sufficient response, the Court determines that the Plaintiffs have not carried their burden. It would be more prudent, and grant the Defendants the required due process, to take testimony on the issues of willful and malicious injury.

VI. CONCLUSION

The Court holds that issues 1 and 2 identified in the foregoing table have been established and shall not be relitigated, but that issues 3 and 4 were not established in the State Court Action and need to be determined by this Court at trial. In addition, the Court will deem established that Defendants knowingly trespassed on the Riverfront Property and did not stop their unauthorized work when Plaintiffs asked them to do so.

The Court will deny the Motion but limit trial issues as set forth above. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: June 12, 2014.

Copies to:

Sophie S. Martin
1201 Lomas Blvd. NW, Suite C
Albuquerque, NM 87102

Gary Lakin
6727 Academy Rd. NE, Suite B
Albuquerque, NM 87109